IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**CHRISTOPHER HAYS and LINSAY**                                    **PLAINTIFFS**
**BRADBURY, Each Individually and on**
**Behalf of All Others Similarly Situated**

vs.                                   No. 4:19-cv-466-JM

**BRIGGS RENTALS LLC and BOBBY BRIGGS**                            **DEFENDANTS**

### PLAINTIFFS' SECOND AMENDED PRETRIAL DISCLOSURE SHEET

Plaintiffs Christopher Hays and Linsay Bradbury ("Plaintiffs"), by and through their attorneys Daniel Ford and Josh Sanford of Sanford Law Firm, PLLC, for their Second Amended Pretrial Disclosure Sheet, do hereby state as follows:

1. **Identity of the party submitting information.**

Plaintiffs Christopher Hays and Linsay Bradbury, by and through their attorneys of the Sanford Law Firm, PLLC.

2. **Names, addresses, and telephone numbers of all counsel for the parties.**

Daniel Ford and Josh Sanford of the Sanford Law Firm, PLLC, Kirkpatrick Plaza, 10800 Financial Centre Parkway, Suite 510, Little Rock, Arkansas 72211, Phone: (800) 615-4946, Facsimile: 888-787-2040, Email: daniel@sanfordlawfirm.com, josh@sanfordlawfirm.com.

3. **A brief summary of the claims and relief sought.**

This is an action under the Fair Labor Standards Act ("FLSA") and the Arkansas Minimum Wage Act ("AMWA"). The FLSA and the AMWA require employers to pay

employees one and one-half times their regular rate for all hours worked over forty per week. Defendants paid Plaintiffs on an hourly basis. Plaintiffs regularly worked more than forty hours per week. However, Defendants regularly artificially reduced the number of hours that Plaintiffs worked and paid them for fewer hours than they worked. Defendants owe each Plaintiff all unpaid overtime compensation, plus liquidated damages and a reasonable attorneys' fee and costs.

    4.    **Prospects for settlement.**

Plaintiffs have disclosed damages calculations to Defendants. The Parties attended a settlement conference on March 5, 2021, before Magistrate Deere, and were unable to reach a settlement. Parties last discussed the possibility of settlement on March 24, 2022. While Plaintiffs are open to settlement and have sought to engage Defendants on the issue, settlement seems unlikely at this time.

    5.    **The basis for jurisdiction and objections to jurisdiction.**

Plaintiffs seek relief under the FLSA. Therefore, this Court has original jurisdiction of this action under 28 U.S.C. § 1331. The acts complained of in Plaintiffs' Complaint were committed and had their principal effect within the Central Division of the Eastern District of Arkansas. Therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391. Also, Plaintiffs allege AMWA violations, which arise out of the same set of operative facts as the federal cause of action herein alleged; accordingly, this cause of action would be expected to be tried with the federal claim in a single judicial proceeding. This Court has pendent jurisdiction over Plaintiffs' AMWA claims pursuant to 28 U.S.C. § 1367(a). Plaintiffs know of no objections to jurisdiction or venue.

6. **A list of pending motions.**

None.

7. **A concise summary of the facts.**

Defendant Briggs Rentals LLC ("Briggs Rentals"), is a for-profit, domestic corporation which owns and operates rental properties, including apartment complexes, in central Arkansas. Defendant Bobby Briggs is the owner and operator of Briggs Rentals LLC and was so during the relevant time period. Plaintiff Christopher Hays ("Hays") worked for Defendants from approximately August of 2017 through April of 2019. Plaintiff Linsay Bradbury ("Bradbury") worked for Defendants from approximately August of 2017 through May of 2020. Hays worked for Defendants as an hourly paid maintenance employee. Bradbury worked for Defendants as an hourly paid property manager at Defendants' residential property locations. As a direct result of Defendants' policies, even though Plaintiffs worked far more than forty (40) hours in many weeks that they worked for Defendants, they were not paid minimum wage or an overtime premium for all overtime hours worked.

8. **All proposed stipulations.**

    A. Briggs Rentals LLC was a covered employer under the FLSA.

    B. Briggs Rentals LLC was a covered employer under the AMWA.

    C. Bobby Briggs was a covered employer under the FLSA.

    D. Bobby Briggs was a covered employer under the AMWA.

    E. Plaintiff Bradbury was an employee of Defendants.

9. **The issues of fact expected to be contested.**

    A. The number of hours that Plaintiffs worked per week on average.

B. Whether Plaintiff Hays was an employee of Defendants.

C. The amount of damages owed to each Plaintiff.

10. **The issues of law expected to be contested.**

A. Whether Defendants' failure to pay proper overtime wages was done in good faith.

B. Whether Defendants are entitled to the good faith defense against liquidated damages.

11. **A list and brief description of exhibits, documents, charts, graphs, models, schematic diagrams, summaries, and similar objects which may be used in opening statement, closing argument, or any other part of the trial, other than solely for impeachment purposes, whether or not they will be offered in evidence. Separately designate those documents and exhibits which the party expects to offer and those which the party may offer.**

Plaintiffs expect to offer:

A. A spreadsheet showing Plaintiff Hays' damages calculations.

B. A spreadsheet showing Plaintiff Bradbury's damages calculations.

Plaintiffs may offer the following exhibits:

A. All exhibits previously filed by Defendants in this case;

B. All exhibits previously filed by Plaintiffs in this case;

C. Any and all documents exchanged by the Parties in this case;

D. All exhibits listed in Defendants' Pretrial Disclosures.

12. **The names, addresses and telephone numbers of witnesses for the party. Separately identify witnesses whom the party expects to present and those**

**whom the party may call. Designate witnesses whose testimony is expected to be presented via deposition and, if not taken stenographically, a transcript of the pertinent portion of the deposition testimony.**

Plaintiffs expect to call the following individuals as witnesses:

    A. Plaintiff Christopher Hays;

    B. Plaintiff Linsay Bradbury;

    C. Defendant Bobby Briggs;

    D. Any other representatives of Briggs Rentals LLC who may testify.

Plaintiffs may call:

    A. Any witnesses listed in Defendants' Pretrial Disclosures;

    B. Defendants' custodian of time and payroll records.

13. **The current status of discovery, a precise statement of the remaining discovery and an estimate of the time required to complete discovery.**

Discovery in this case is complete.

14. **An estimate of the length of trial and suggestions for expediting disposition of the action.**

Plaintiffs anticipate needing two days for trial. This trial may be further expedited by adopting the stipulations proposed by Plaintiffs, taking brief testimony, if necessary, to affirm Plaintiffs' damages for unpaid overtime, and otherwise limiting testimony to whether Defendants' failure to pay Plaintiffs a half-time premium for all hours over forty per week was done in both objective and subjective good faith, such that an award of liquidated damages becomes discretionary, rather than mandatory.

Respectfully submitted,

**CHRISTOPHER HAYS and LINSAY BRADBURY, Each Individually and on Behalf of All Others Similarly Situated, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

Daniel Ford
Ark. Bar No. 2014162
daniel@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com