IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

CHRISTOPHER HAYS and
LINSAY BRADBURY                                                                      PLAINTIFFS

v.                                        CASE NO. CV-19-466-JM

BRIGGS RENTALS, LLC and
BOBBY BRIGGS                                                                         DEFENDANTS

### DEFENDANTS' TRIAL BRIEF

Comes now Defendants for their Trial Brief and state as follows:

### FACTS

**A.     Facts as to Plaintiff Bradbury.**

Plaintiff Bradbury was an employee.  She was responsible for reporting all her hours to Defendants' accountant to process payroll.  All records of Plaintiff Bradbury's hours, including overtime, were properly compensated as reported by Plaintiff Bradbury.  *See* Exhibit 1 at Def001-Def005.

Plaintiff Bradbury is known for untruthfulness.  Previously, she falsely accused Defendant Briggs of sexual harassment.  *See* Exhibit 2.  Those claims were determined to be unfounded.  *Id*.

In her deposition, she claimed that she never used illegal drugs during her employment with Defendants.  *See* Exhibit 3 at p. 33, lines 19-21.  However, Defendants' payroll records show Plaintiff Bradbury was an employee in April 2019.  *See* Exhibit 1 at Def004.  Plaintiff Bradbury had a failed drug test for amphetamine and methamphetamine for a specimen collected on April 11, 2019.  *See* Exhibit 4.  The levels of drugs in her system were significant.  *Id*.

Defendants will also present witnesses who will testify that Plaintiff Bradbury was

1

accepting illegal drugs from tenants in lieu of rent payments. Plaintiff Bradbury's allegations will be disputed by Bobby Briggs, Tiffany Dycus, and Heather Pasco.

**B.     Facts as to Plaintiff Hays.**

Plaintiff Hays is the fiancée of Plaintiff Bradbury, and he was in a romantic relationship with Plaintiff Bradbury for the relevant time period.

Plaintiff Hays was never an employee of Defendants. The only records for Plaintiff Hays are an incomplete W4 form and four payments as an independent contractor. *See* Exhibit 1 at Def006-0015. Plaintiff Hays just occasionally performed work as an independent contractor.

Plaintiff Hays' allegations will be disputed by Defendants' witnesses.

**C.     Plaintiffs' Deficient Evidence.**

Plaintiffs have failed to present sufficient evidence to meet their burden. Aside from their own self-serving statements, they rely on (1) counsel-created spreadsheets created years after the fact; and (2) alleged cell phone location of Plaintiff Hays.

## ARGUMENT

**I.     Plaintiff Hays Was Never An Employee and was Never Paid Like an Employee.**

Courts typically analyze the following six factors: (1) the degree of control exercised by the alleged employer; (2) the individual's investment in the business; (3) the degree to which the individual's opportunity for profit and loss is determined by the alleged employer; (4) the skill and initiative in performing the job; (5) the permanency of the relationship; and (6) the extent to which the work is an integral part of the alleged employer's business. *Bolden v. Callahan*, 2022 U.S. Dist. LEXIS 60390 (E.D. Ark. Mar. 31, 2022).

These factors establish that Plaintiff Hays was not an employee. Plaintiff Hays was unskilled, unimportant, and only occasionally used for contract labor. In addition to these

factors, Plaintiff Hays never filed a W4, never submitted hours, and was never placed on payroll. When Plaintiff Hays was paid, he was paid for contract labor off payroll.  He was simply never an employee.

## II.     Plaintiffs Cannot Meet Their Burden of Proof.

Plaintiffs cannot meet their burden of proof.  Defendants properly paid Plaintiff Bradbury for all hours that Bradbury reported, including overtime.  *See* Exhibit 1.  Defendants properly paid Plaintiff Hays as an independent contractor.  *Id*.

Plaintiffs rely on their own bare conclusory assertions and counsel-created spreadsheets that were prepared years after the alleged work occurred. This is insufficient to meet their burden.  *Bean v. Wayne Farms, LLC*, 2022 U.S. Dist. LEXIS 50014 * 14 (E.D. Ark. Mar. 21, 2022); *Rapp v. Network of Comty. Options, Inc*., 3 F. 4th 1084, 1088 (8th Cir. 2021); *Grounds v. City of Little Rock*, 2022 U.S. Dist. LEXIS 27229 * 10 (E.D. Ark. Feb. 15, 2022).

Plaintiff Hays relies on alleged cell phone records of his location.  But such records have never been used by Defendants as a way of tracking hours, nor do they prove that Plaintiff Hays was performing any work.  Research indicates no cases where cell phone location records can meet the plaintiff's burden under FLSA.

## III.    There Was No Willful Conduct by Defendants.

As property manager, Plaintiff Bradbury was responsible for reporting all her hours to Defendants' accountant.  Also as property manager, Plaintiff Bradbury would have been responsible for onboarding Plaintiff Hays as an employee and reporting his hours.  None of this occurred, and Defendants were not involved in the reporting of hours to Defendants' accountant. There is simply no evidence that Defendants acted willfully.

## **CONCLUSION**

Plaintiffs cannot meet their burden of proof, nor can they show that Hays was an employee. Plaintiffs' claims should be dismissed, and the trial can be completed in two days.

Respectfully submitted,

Kevin Lemley
Kevin Lemley Law Partners
Kevin M. Lemley (ABN 2005034)
Madison Cameron (ABN 2017168)
206 Plaza Blvd, Suite F
Cabot, AR 72023
defense@lemley-law.com
(501) 512-0098 (voicemail only)

## **CERTIFICATE OF SERVICE**

I hereby certify that, on this 14th day of May, 2024, I electronically filed the foregoing with the Court's CM/ECF System, which shall send notification of such filing to counsel of record for the Plaintiffs.

Kevin Lemley
Kevin Lemley