ARKANSAS APPEAL TRIBUNAL
APPEAL NO. 2020-AT-06812

APPELLANT: Claimant

CLAIMANT:

LINSAY BRADBURY
18 CEDAR ST
GREENBRIER AR 72058

SSN: 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 (10210)
Benefit Year: 202

Date of Determination: June 30, 2020
Date of Appeal: July 9, 2020
Section of Law: A.C.A. §11-10-513

**DATE AND PLACE OF HEARING:**
September 09, 2020
Little Rock, Arkansas by telephone

**EMPLOYER:**

BRIGGS RENTALS LLC
607 HWY 365
MAYFLOWER AR 72106

**APPEARANCES:** The claimant in her own behalf. Bobby Briggs, Owner, in behalf of the employer.

## DECISION OF HEARING OFFICER

**ISSUE:** Whether the claimant voluntarily left or was discharged or suspended from last work and whether the circumstances of the separation entitle the claimant to benefits in accordance with Ark. Code Ann. § 11-10-513 or § 11-10-514.

**FINDINGS OF FACT:** The claimant has worked multiple times at the employer, with her most recent hire date September 20, 2019 and as a Property Manager. The claimant accused the employer of sexual harassment from September 2019 through May of 2020, but remained employed because the company provided a car for travel to work. Briggs became upset that the property was operating at full capacity, but the rental income was not being reflected in the records. Briggs did use profanity and asked the claimant to take a drug test, in discussing the matter with the claimant when she resigned on May 4, 2020.

**CITATION OF LAW:** Ark. Code Ann. § 11-10-513:
(a)(1) If so found by the Director of the Division of Workforce Services, an individual shall be disqualified for benefits if he or she voluntarily and without good cause connected with the work left his or her last work.

(4) The disqualification shall continue until, subsequent to the effective date of the disqualification, he or she has had at least thirty (30) days of employment covered by an unemployment compensation law of this state, another state, or the United States.

**REASONING AND CONCLUSIONS:** The claimant voluntarily quit her job without good cause under the law. Although the claimant alleged sexual harassment and other mistreatment, this has not been established by a preponderance of the evidence presented. Although Briggs did use profanity in discussing the rental income, this one occasion has not established that the conversation would have compelled the average able-bodied employee to quit. Therefore, the claimant voluntarily left last work without good cause connected with the work.

**DECISION:** The determination of the Division denying the claimant benefits under Ark. Code Ann. § 11-10-513(a) is affirmed. The claimant shall be disqualified until, subsequent to the effective date of the disqualification, she has had at least thirty (30) days of employment covered by an unemployment compensation law of this state, another state, or the United States.

Robert L. Scull, Hearing Officer

MAILING DATE: 9/11/2020

**APPEAL RIGHTS:** This decision shall become final unless it is appealed within twenty (20) calendar days after the date of mailing noted above. Appeals are to be directed to the Arkansas Board of Review. If your appeal is mailed, it shall be considered to have been filed as of the date of the **postmark** on the envelope in which the appeal was contained. See enclosure for more information on appeal rights.